IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. _____ |
| v. | ) ) ) **COMPLAINT** |
| NORTH MEMORIAL HEALTH CARE, | ) (JURY TRIAL DEMANDED) ) ) |
| Defendant. | ) ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Emily Sure-Ondara, formerly known as Emily Sure ("Sure-Ondara"). As alleged with greater particularity in paragraphs 12-19 below, Defendant North Memorial Health Care ("North Memorial") withdrew a job offer made to Sure-Ondara after she requested a religious accommodation in retaliation for her request and in violation of Title VII.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§

1

2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, North Memorial, has continuously been a Minnesota nonprofit corporation doing business in the State of Minnesota and the City of Robbinsdale, and has continuously had at least 15 employees.

5. At all relevant times, Defendant North Memorial has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Sure-Ondara filed a charge with the Commission alleging violations of Title VII by Defendant North Memorial.

7. On May 14, 2015, the Commission issued to Defendant North Memorial a Letter of Determination finding reasonable cause to believe that Title VII was violated

and inviting Defendant North Memorial to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant North Memorial to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant North Memorial a conciliation agreement acceptable to the Commission.

10. On July 13, 2015, the Commission issued to Defendant North Memorial a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. On or about November 20, 2013, Defendant North Memorial engaged in unlawful employment practices in Robbinsdale, Minnesota in violation of Section 704(a) of Title VII,  42 U.S.C. § 2000e-3(a).

13. In November 2013, Defendant Employer offered Sure-Ondara a position as a Registered Nurse in its CACE Hospice and Palliative Care Unit.  Sure-Ondara accepted the position.

14. Sure-Ondara is a Seventh Day Adventist.  Her religious beliefs prohibit working on the Sabbath, which begins at sundown on Friday evening and lasts until

3

sundown Saturday evening. Sure-Ondara also attends religious services Friday evenings and most of the day Saturday.

15. On or about November 12, 2013, Sure-Ondara requested a religious accommodation from Defendant North Memorial, asking that she not be placed on shifts on Friday evenings. Sure-Ondara's request for an accommodation was protected activity under Title VII.

16. On November 20, 2013, eight days after Sure-Ondara made her request, Defendant North Memorial withdrew the offer of employment citing its inability to accommodate Sure-Ondara as the reason. Sure-Ondara, however, informed Defendant North Memorial both before and after the offer was withdrawn that she was willing to work in the position without the accommodation.

17. The effect of the practices complained of in paragraphs 12-16 above has been to deprive Sure-Ondara of equal employment opportunities and otherwise adversely affect her status as an applicant for employment, in retaliation for her request for an accommodation under Title VII.

18. The unlawful employment practices complained of in paragraphs 12-17 above were intentional.

19. The unlawful employment practices complained of in paragraphs 12-17 above were done with malice or with reckless indifference to the federally protected rights of Sure-Ondara.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining Defendant North Memorial, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against job applicants or employees because they request a religious accommodation.

  B. Order Defendant North Memorial to institute and carry out policies, practices, and programs which provide equal employment opportunities for job applicants and employees who request a religious accommodation and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant North Memorial to make whole Sure-Ondara, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement or frontpay.

  D. Order Defendant North Memorial to make whole Sure-Ondara by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12-19 above, including but not limited to job search expenses, in amounts to be determined at trial.

  E. Order Defendant North Memorial to make whole Sure-Ondara by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12-19 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.   Order Defendant North Memorial to pay Sure-Ondara punitive damages for its malicious and reckless conduct, as described in paragraphs 12-19 above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Date: September 16, 2015

EQUAL EMPLOYMENT
OPPORTUNUTY COMMISSION

P. David Lopez
General Counsel

James Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
131 M Street, N.E.
5th Floor
Washington, D.C. 20507


s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney

.

                                      s/ Jean Powers Kamp
                                      Jean Powers Kamp
Associate Regional Attorney
Chicago District Office
500 West Madison Street, Ste. 2000
Chicago, Illinois 60661
Telephone: (312) 869-8116
Facsimile: (312) 869-8124
jean.kamp@eeoc.gov


.

                                      s/ Jessica A. Palmer-Denig
Jessica A. Palmer-Denig (MN 0298281)
Senior Trial Attorney
Minneapolis Area Office
330 Second Avenue South, Ste. 720
Minneapolis, Minnesota 55401
Telephone:  (612) 334-4010
Facsimile:  (612) 335-4044
jessica.palmer-denig@eeoc.gov